WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Preston Guillermo Toro,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Howard Fell, et al.,<br><br>　　　　Defendants. | No. CV-24-00397-TUC-AMM (MSA)<br><br>**REPORT AND RECOMMENDATION** |

This lawsuit arises from a criminal prosecution pending in Arizona superior court. Plaintiff Preston Toro, the state-court defendant, sues Superior Court Judge Howard Fell and Adult Criminal Defender Katherine Voll. Before the Court is Judge Fell's motion to dismiss. The Court will recommend that the motion be granted. The Court will further recommend that Voll be dismissed sua sponte for failure to state a claim, and that Plaintiff's motion to stay his criminal case be denied.

**I.     Judge Fell's Motion to Dismiss**

Judge Fell argues that dismissal is proper because (A) Plaintiff fails to state a claim, (B) Judge Fell is judicially immune from money damages, (C) Plaintiff's request for injunctive relief is barred by statute, and (D) the *Younger* abstention doctrine applies. Judge Fell also argues that (E) amendment would be futile. The Court agrees with each point.

**A.     Plaintiff fails to state a claim.**

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

1  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, it must "plead[]
2  factual content that allows the court to draw the reasonable inference that the defendant is
3  liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that
4  offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause
5  of action will not do." *Twombly*, 550 U.S. at 555.

6        Plaintiff alleges that Judge Fell "fail[ed] to uphold [his] oath of office and fail[ed]
7  to acknowledge [Plaintiff's] indigenous treaty rights." (Doc. 1 at 4.) Plaintiff further alleges
8  that Judge Fell "fail[ed] to acknowledge [Plaintiff's] voice" and failed to "allow [Plaintiff]
9  to settle the matter for closure and discharge with prejudice by constantly moving forward."
10  (*Id.* at 6.) This, Plaintiff says, "has caused health issues to exacerbate, and has prevented
11  [Plaintiff], on many occasions, from gaining long lasting employment." (*Id.*) For relief, he
12  requests $10 million in damages for pain and suffering and that "all subject matter be closed
13  with prejudice." (*Id.*) The Court construes the latter request as a request to enjoin the state
14  court from continuing with Plaintiff's prosecution.

15        Judge Fell assumes (because Plaintiff does not specify) that this suit is brought under
16  42 U.S.C. § 1983. The Court will also make that assumption, as § 1983 is commonly used
17  to sue state officials for federal-law violations. To state a claim under § 1983, Plaintiff must
18  allege that he was "deprived of a right secured by the Constitution or laws of the United
19  States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs.*
20  *Mut. Ins. v. Sullivan*, 526 U.S. 40, 49–50 (1999). In this case, Plaintiff attempts to allege a
21  violation of his "indigenous treaty rights." However, he does not specify which treaty is at
22  issue or explain whether the treaty even creates judicially enforceable rights. *See Cornejo*
23  *v. County of San Diego*, 504 F.3d 853, 856 (9th Cir. 2007) ("For any treaty to be susceptible
24  to judicial enforcement it must both confer individual rights and be self-executing.").
25  Furthermore, Plaintiff's allegations—that Judge Fell failed to uphold his oath of office,
26  acknowledge Plaintiff's rights, acknowledge Plaintiff's voice, or allow Plaintiff to settle—
27  are too vague and conclusory to support the inference that Judge Fell violated a federal
28  right. Therefore, Plaintiff fails to state a claim under § 1983.

### B. Judge Fell is judicially immune from money damages.

"It is well settled that judges are generally immune from suit for money damages." *Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021) (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001)). Such immunity applies unless the judge's acts either were "nonjudicial" in nature or were "taken in the complete absence of all jurisdiction." *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 915 (9th Cir. 2021) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam)).

The Court previously granted Judge Fell's request that the Court take judicial notice of certain documents from Plaintiff's state criminal case. The documents show that, while presiding over that case, Judge Fell issued orders and held hearings concerning Plaintiff's competency to stand trial. (Doc. 14-1.) Issuing orders and holding hearings are normal judicial functions that are covered by judicial immunity. *See Duvall*, 260 F.3d at 1133 ("Ruling on a motion is a normal judicial function, as is exercising control over the courtroom while court is in session."). Furthermore, Arizona superior courts have original jurisdiction over criminal prosecutions, Ariz. Const. art. VI, § 14(4), so Judge Fell did not act in the complete absence of jurisdiction. Plaintiff's vague allegations that Judge Fell failed to hear him out or allow him to "settle the matter" do not establish otherwise. Therefore, Judge Fell is immune from Plaintiff's claims for money damages.

### C. Plaintiff's request for injunctive relief is barred by statute.

"[J]udicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984). However, "§ 1983's plain text provides 'judicial immunity from suit for injunctive relief for acts taken in a judicial capacity.'" *Munoz v. Superior Ct. of L.A. Cnty.*, 91 F.4th 977, 981 (9th Cir. 2024) (quoting *Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004)). As stated above, Plaintiff is complaining about acts that Judge Fell took in his judicial capacity. Judge Fell is thus immune from Plaintiff's request for injunctive relief. While the statute contains exceptions for when "a declaratory decree was violated or declaratory relief was unavailable," 42 U.S.C. § 1983, Plaintiff does not allege facts indicating that

- 3 -

either exception applies. Therefore, his request that his criminal case "be closed with prejudice" is barred by § 1983.[1]

### D. *Younger* abstention is required.

The *Younger* abstention doctrine is based on principles of comity and federalism. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). Absent extraordinary circumstances, it requires a federal court to refrain from hearing a case that would interfere with a state criminal proceeding. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). In this case, Plaintiff asks that the Court dismiss his state criminal case with prejudice. Needless to say, dismissing the state-court case would interfere with that case. Plaintiff does not allege that extraordinary circumstances require such interference, so *Younger* abstention is required. *See id.* ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987) ("This concern [for comity] mandates application of *Younger* abstention . . . when the pending state proceedings are criminal[.]").

### E. Amendment would be futile.

"A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). Plaintiff's few allegations make clear that his case against Judge Fell centers on acts that are covered by judicial and statutory immunity. They also make clear that abstention is required. There are no facts that Plaintiff could add to overcome these barriers, so amendment would be futile.

## II. Sua Sponte Dismissal of Voll

As noted above, a complaint must "state a claim to relief that is plausible on its face," and a plausible claim is one that has enough factual support for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

---

[1] To the extent that Plaintiff is asking for a stay (as opposed to an outright dismissal) of his criminal case, that request is barred by the Anti-Injunction Act. 28 U.S.C. § 2283 (barring federal courts, with exceptions not relevant here, from "grant[ing] an injunction to stay proceedings in a State court").

556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556, 570). Here, Plaintiff alleges that Voll "fail[ed] to uphold [her] oath of office" and engaged in "repeated harassment" of Plaintiff. (Doc. 1 at 4.) He alleges that Voll "fail[ed] to acknowledge [his] voice" or "allow [him] to settle the matter for closure and discharge with prejudice by constantly moving forward." (*Id.* at 6.) He also alleges that Voll exhibited a "lack of professionalism and lack of understanding that there is no recognition between them and [Plaintiff]." (*Id.*)

Voll is Plaintiff's former defense attorney, so the Court assumes that Plaintiff is suing her for legal malpractice. To state a claim, Plaintiff must allege facts showing that Voll breached her duty "to exercise that degree of skill, care, and knowledge commonly exercised by members of the profession," and that the breach negatively affected Plaintiff's case. *Phillips v. Clancy*, 733 P.2d 300, 303 (Ariz. Ct. App. 1986) (citing *Molever v. Roush*, 732 P.2d 1105, 1112 (Ariz. Ct. App. 1986)). Plaintiff's vague allegations of harassment and lack of professionalism fall far short of meeting these elements. There are no facts about what Voll did that was harassing or unprofessional. Nor are there facts about how Voll's alleged conduct negatively affected Plaintiff's case. As such, Plaintiff fails to state a claim against Voll.[2]

Plaintiff was directed to file a brief explaining whether he could state a claim against Voll in an amended complaint. (Doc. 23.) Although he failed to do so, the Court cannot yet find that amendment would be futile. The complaint's primary defect is a lack of factual content. That type of defect is generally curable through amendment. Therefore, the Court will recommend that Plaintiff be granted leave to file an amended complaint against Voll.

### III. Plaintiff's Motion to Stay

Plaintiff moves to stay his state criminal case "until all Indigenous common law matters are settled in United States District Court." The requested relief is barred under the Anti-Injunction Act and the *Younger* abstention doctrine. *See* 28 U.S.C. § 2283 (barring, with exceptions not relevant here, federal injunctions of state-court proceedings); *Younger*,

---

[2] Assuming that Plaintiff is suing Voll under § 1983, he fails to state a claim because public defenders who act in "the lawyer's traditional adversarial role" are not state actors. *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)); *see* 42 U.S.C. § 1983 (requiring state action).

401 U.S. at 45 (requiring federal courts to abstain from cases that would interfere with state prosecutions). Plaintiff cites no authority for the proposition that an exception applies when "Indigenous common law matters" are at issue. Therefore, his motion should be denied.

## Conclusion

The Court recommends that the motion to dismiss (Doc. 13) be **granted** and that the complaint be **dismissed with prejudice** as to Superior Court Judge Howard Fell; that the complaint be **dismissed with leave to amend** as to Adult Criminal Defender Katherine Voll; and that Plaintiff's motion to stay his state-court case (Doc. 26) be **denied**.

This recommendation is not immediately appealable to the United States Court of Appeals for the Ninth Circuit. The parties have 14 days to file specific written objections with the district court. Fed. R. Civ. P. 72(b)(2). The parties have 14 days to file responses to objections. *Id.* The parties may not file replies on objections absent the district court's permission. A failure to file timely objections may result in the waiver of de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 3rd day of March, 2025.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge